IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ALLEN THOMPSON, SR.,

    Plaintiff,                   No. 2:13-cv-0098 GEB DAD P

vs.

SACRAMENTO COUNTY SHERIFF
SCOTT R. JONES, et al.,

    Defendants.             ORDER

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983.

       On April 8, 2013, the court ordered the United States Marshal to serve process upon four defendants in this case. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on defendants. If a waiver of service was not returned within sixty days, the Marshal was directed to effect personal service on the defendants in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

/////

1

On August 7, 2013, the United States Marshal filed a return of service with four USM-285 forms showing charges of $55.00 on each form for effecting personal service on the four defendants. The forms show that waivers of service forms were mailed to the defendant on April 23, 2013, and that no responses were received. The forms also show that personal service was accomplished for all four defendants by delivery to the same officer with the Sacramento County Sheriffs Department.

Rule 4(d) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. . . .
>
> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(1), (2)(A), (B).

The court finds that defendants Captain J. Freeworth, Sheriff Scott R. Jones, Mailroom Sergeant R. Harris, and Operations Commander Lt. Buehler were given the opportunity required by Rule 4(d) to waive service and failed to comply with the request.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order defendants Freeworth, Jones, Harris, and Buehler shall pay to the United States Marshal collectively the sum of $55.00, unless within that time defendants file a written statement showing good cause for their failure to waive service. The court does not intend to extend this fourteen day period.

/////
/////
/////

      2. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

DATED: September 3, 2013.

                                          _____
                                          DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE

DAD:12
thom13cv0098.taxcost